**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| KATHLEEN NEAL, Administrator *ad litem* of the Estate of JERRY T. COBLE, | ) ) ) | |
| Plaintiff, | ) ) | CASE NO. 3:08-0314 |
| v. | ) ) | Magistrate Judge Knowles |
| CURTIS CARNEY, JR., | ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## CASE MANAGEMENT CONFERENCE ORDER

**I. JURISDICTION AND VENUE.**

Jurisdiction is vested in this Court pursuant to 28 U.S.C. §§ 1331 and 1343. Venue is proper inasmuch as the facts that are alleged in the Complaint all occurred in the Middle District of Tennessee.

**II. THE PARTIES THEORIES OF THE CASE.**

    **A. Plaintiff's Theory of the Case:**

Plaintiff Jerry Coble was injured in a confrontation with Defendant Curtis Carney, Jr. on April 6, 2007 in White House, Tennessee. Defendant Carney was employed as a police officer by the City of White House Police Department when he stopped Coble's vehicle as it was approaching his home. The confrontation occurred in Coble's driveway after he stopped the vehicle. During the confrontation, Coble suffered a severely fractured right leg, which required surgery and hospitalization.

Jerry Coble died on May 4, 2011 based on conditions unrelated to this action. Kathleen Neal was substituted as the Administrator of the Estate of Jerry Coble on August 4, 2011. (Docket Entry No. 72)

The Estate of Jerry Coble contends that Defendant Carney's actions after he was handcuffed and required to walk across a concrete driveway with a fractured leg was excessive force in violation of 42 U.S.C. § 1983. The Estate of Jerry Coble contends that he is entitled to compensatory damages for the pain and suffering, medical treatment and expenses, along with reasonable attorney's fees. The Estate of Jerry Coble also seeks an award of punitive damages.

B. **Defendant Curtis Carney, Jr.'s Theory of the Case:**

Defendant Curtis Carney, Jr. denies he is liable to Plaintiff Jerry Coble for damages based on any allegation of excessive force under 42 U.S.C. § 1983. Carney notes that at the time of the encounter upon which this lawsuit is based, Coble was intoxicated. Further, the only liability issue which remains in this case is whether Carney who was in the process of beginning to walk Mr. Coble to his patrol car after he had just handcuffed Mr. Carney should be liable for excessive force based upon his actions under the circumstances. While not dispositive to the outcome of the ultimate issue of liability, Carney further notes that Mr. Coble's injury was generally limited to his right ankle, not leg.

**III. SCHEDULE OF PRETRIAL PROCEEDINGS.**

A. **Rule 26(a)(1) Disclosures by the Parties:**

The Parties have completed Rule 26 disclosures.

B. **Identification of the Issues:**

1. Whether Defendant Carney is liable to Plaintiff Coble based on excessive force?

2. What is the measure of compensatory and/or punitive damages?

C. **Other Pretrial Discovery Matters:**

1. **Target Trial Date.**

The parties have agreed to a jury trial before the Magistrate Judge, and would suggest a trial date in September or October 2012. The parties expect the trial to last three (3) days.

**2.     Deadline for Discovery.**

All discovery has been completed, including the taking of medical proof. However, Carney notes that he has not deposed Kathleen Neal, and he needs to depose her prior to the trial date.

**3.     Dispositive Motions.**

Summary judgment was filed by Defendant Carney and granted by the district court on August 29, 2009. (Docket Entry No. 59) Summary judgment was later reversed by the Sixth Circuit and remanded for trial.

**4.     Motions to Amend.**

There are no motions to amend contemplated by the parties.

**5.     Plaintiff's Rule 26 Expert Report.**

With the exception of the treating physician (Philip Kregor, M.D.) whose deposition has been completed, there is no Rule 26 expert contemplated by the Plaintiff.

**6.     Defendants' Rule 26 Expert Report.**

Defendant does not contemplate the use of a Rule 26 expert witness.

It is so **ORDERED**.

**ENTERED** this the _____ day of January, 2012.

_____
**E. CLIFTON KNOWLES**
**United States Magistrate Judge**